ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 26, 2007

The Honorable Fred Hill
Chair, Committee on Local Government
    Ways and Means
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0556

Re: Whether communications about legal matters between a tax appraisal review board and in-house counsel to a tax appraisal district violate section 41.66 or 6.411 of the Tax Code (RQ-0564-GA)

Dear Representative Hill:

You ask about the authority of a tax appraisal district (a "district") to use its in-house counsel, a district employee, to also advise the district's tax appraisal review board (a "review board") on legal matters.[1] You specifically ask whether such legal communication between a review board and the district's in-house counsel would constitute ex parte communications in violation of Tax Code section 6.411. See Request Letter, supra note 1, at 1.

You inform us that two years ago the Travis Central Appraisal District (the "TCAD") employed in-house counsel. See id. at 2. In addition to advising the TCAD, this individual also advises the Travis County Appraisal Review Board (the "ARB"). See id.[2] Because the individual is an employee of the TCAD, you note that sections 41.66(f) and 6.411 of the Tax Code might appear to prevent legal discussion regarding tax protest matters between TCAD's in-house counsel and the ARB outside a public hearing. See id. But, you suggest, they do not do so because the statutory exemption found in section 6.411(c) for communications between a review board and its counsel, as you characterize it, permits these discussions between the ARB and TCAD's in-house counsel. See id.

---

[1]See Letter from Honorable Fred Hill, Chair, Committee on Local Government Ways and Means, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 29, 2007) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]See also Brief from Art Cory, Chief Appraiser, Travis Central Appraisal District, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (Mar. 7, 2007) (on file with the Opinion Committee) [hereinafter TCAD Brief].

## I.       Statutory Background

To provide context for your question and its analysis, it is necessary to review first the relationship between a district and a review board and then Tax Code sections 41.66 and 6.411 about which you specifically ask.

### A.       Tax Appraisal District

The Tax Code establishes a tax appraisal district in each county and makes the district responsible for appraising all property in the district for ad valorem tax purposes. *See* TEX. TAX CODE ANN. § 6.01(a)–(b) (Vernon 2001). A district is governed by a board of directors appointed by the governing bodies of political subdivisions within the district. *See id.* § 6.03(a), (c) (Vernon Supp. 2006). The district's board of directors appoints the chief appraiser, who is the chief administrator of the district and who is authorized to "employ and compensate professional, clerical, and other personnel as provided by the budget" adopted by the district's board. *Id.* § 6.05(c)–(d).

### B.       Appraisal Review Board

The Tax Code also establishes for each district a review board charged with, among other things, hearing and resolving protests against the district's property tax appraisals. *See id.* §§ 6.41(a) (Vernon Supp. 2006) (creation of review board), 25.22(a) (Vernon 2001) (submission of appraisal records for review and determination of protests), 41.01(a)(1) (review board's duty to determine protests), 41.02 (review board action to correct or change appraisal records or rolls). Members of the review board are appointed by the district's board of directors. *See id.* § 6.41(d) (Vernon Supp. 2006).

Chapter 41 of the Tax Code prescribes the review board's specific duties to review tax appraisal records and rolls[3] and respond to challenges thereto, including: determining protests initiated by property owners and challenges initiated by taxing units against a district; correcting the district's appraisal records and rolls; and determining whether the district has improperly granted exemptions and particular land appraisals. *See id.* §§ 41.01(a)(1)–(5), .02 (Vernon 2001); *see also id.* §§ 25.25 (Vernon Supp. 2006) (correction of appraisal roll), 41.05 (Vernon 2001) (hearing on a taxing unit challenge to appraisal record), 41.45 (hearing on a taxpayer protest regarding appraisal record). If the review board determines that the appraisal record or roll is in error on a particular point, the review board must direct the chief appraiser to correct or change the appraisal record

---

[3]The terms "appraisal records" and "appraisal rolls" have distinct meanings under the Tax Code. The chief appraiser prepares "appraisal records listing all property that is taxable in the district and stating the appraised value of each" and submits the appraisal records to the review board for review and approval pursuant to chapter 41. TEX. TAX CODE ANN. § 25.01(a) (Vernon 2001); *see id.* §§ 25.22(a), 41.01, 41.12. Once the review board reviews the appraisal records and determines all protests and challenges, it approves the appraisal records. *See id.* § 41.12(a). The approved appraisal records constitute the appraisal roll, which cannot be changed "[e]xcept as provided by Chapters 41 and 42 . . . and . . . section [25.25]." *Id.* § 25.25(a) (Vernon Supp. 2006) (footnote omitted); *see id.* § 25.24 (Vernon 2001) (appraisal roll).

or roll to conform to the review board's determination. *See id.* § 41.02 (Vernon 2001); *see also id.* §§ 25.25 (Vernon Supp. 2006) (correction of appraisal roll), 41.07 (Vernon 2001) (determination of taxing unit challenge), 41.47 (determination of taxpayer protest).

### C.    Tax Code Sections 41.66 and 6.411

Tax Code section 41.66 sets forth the procedures applicable to hearings conducted by the review board. *See id.* § 41.66 (Vernon Supp. 2006). Such hearings are open to the public, and the review board "may not consider any appraisal district information on a protest that was not presented to the appraisal review board during the protest hearing." *Id.* § 41.66(d)–(e). Subsection (f), which is particularly relevant to your request, prohibits review board members from communicating with "another person" outside a public hearing about "the evidence, argument, facts, merits, or any other matters related to an owner's protest" or "a property that is the subject of the protest." *Id.* § 41.66(f).

Further, Tax Code section 6.411, referring to section 41.66(f), criminalizes ex parte communications between review board members and district employees:

> (a)   A member of an appraisal review board commits an offense if the member communicates with the chief appraiser or another employee of the appraisal district for which the appraisal review board is established in violation of Section 41.66(f).

> (b)   A chief appraiser or another [district] employee . . . commits an offense if the . . . employee communicates with a [review board] member . . . in a circumstance in which the . . . review board member is prohibited by Section 41.66(f) from communicating with the chief appraiser or other employee.

> (c)   *This section does not apply* to communications that do not discuss the specific evidence, argument, facts, merits, or property involved in a hearing currently pending before the appraisal review board or *to communications between the board and its legal counsel.*

*Id.* § 6.411(a)–(c) (emphasis added); *see also id.* § 6.411(d) ("An offense under this section is a Class C misdemeanor.").

## II.    Analysis

In considering your questions, we note that a review board has only those powers that are "clearly and expressly given" to it by statute and those powers necessarily implied. *In re ExxonMobil Corp.*, 153 S.W.3d 605, 615 (Tex. App.—Amarillo 2004, orig. proceeding [mand. denied]). Additionally, in construing the relevant sections of the Tax Code, we keep in mind that this office, like a court, must consider a "statute as a whole rather than its isolated provisions" and "should not give one provision a meaning out of harmony or inconsistent with other provisions

although it might be susceptible to such a construction standing alone." *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

## A.    Authority of Review Board to Use the District's In-House Counsel

You suggest that section 6.411(c) of the Tax Code permits discussions that would otherwise be prohibited by section 41.66(f),[4] if the district's in-house counsel also serves as the review board's counsel. *See* Request Letter, *supra* note 1, at 2. We disagree. This situation is precisely one of the problems that Tax Code sections 41.66(f) and 6.43 seek to prevent, namely, the same individual—a district employee—representing and advising a district *and* advising a review board responsible for hearing and determining taxpayer challenges against the district. *See* TEX. TAX CODE ANN. §§ 41.66(f) (Vernon Supp. 2006), 6.43 (Vernon 2001).

Tax Code section 41.66(f) expressly and unambiguously prohibits a review board member from communicating with *any* person—including a district employee—regarding property tax protest matters outside the tax protest hearing. *See id.* § 41.66(f) (Vernon Supp. 2006). And because section 41.66(f) on its face includes a district employee, it cannot reasonably be construed to exclude from its prohibition communications with a district employee by virtue of the fact that the employee also serves as the review board's counsel. This statute, by its terms, codifies and applies to the review board the general principles of ex parte communications regarding judicial proceedings.[5] *See* TEX. TAX CODE ANN. § 41.66(f) (Vernon Supp. 2006).[6] In conducting the administrative hearings required by the Tax Code to determine the accuracy of the property tax appraisal performed by the district, the *review board* exercises quasi-judicial authority. *See id.* §§ 41.45(a), .47 (a)–(b) (Vernon 2001); *Matagorda County Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687, 692, 694 (Tex. App.—Corpus Christi 1990, no writ). On the other hand, the *district* is, by definition, an interested party in the administrative hearings. *See* TEX. TAX CODE ANN. § 41.47(a)–(b) (Vernon 2001).[7] If the individual representing or advising the review board is also the district's in-house

---

[4]Because discussions unrelated to the specific "evidence, argument, facts, merits," or property involved in a tax protest are not prohibited by section 41.66(f), those discussions would not constitute an offense under section 6.411 and thus presumably are not at issue here. *See* TEX. TAX CODE ANN. §§ 6.411(c), 41.66(f)(1) (Vernon Supp. 2006).

[5]"Ex parte communications" are communications "that involve fewer than all of the parties . . . legally entitled to be present during the discussion of any matter" and "are barred in order to ensure that 'every person who is legally interested in a proceeding [is given the] full right to be heard according to law.'" *In re Thoma*, 873 S.W.2d 477, 496 (Tex. Rev. Trib. 1994, no appeal) (quoting JEFFREY M. SHAMAN ET. AL., JUDICIAL CONDUCT AND ETHICS § 6.01 (1990)). The underlying principle of the prohibition against ex parte communications is that the disposition of judicial matters is the public's business and should be conducted in public and in open court. *See Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied) (citing *In re Thoma*, 873 S.W.2d at 496).

[6]*See also* TEX. TAX CODE ANN. § 41.66(d) (providing for public hearings), (e) (prohibiting the review board from considering information received outside the protest hearing) (Vernon Supp. 2006).

[7]*See also id.* §§ 41.45(c) (Vernon 2001) (providing that "[t]he chief appraiser shall appear at each protest hearing before the appraisal review board to represent the appraisal office"), 41.61(a) (authorizing a review board to subpoena witnesses or documents of a property owner or district related to a protest).

counsel, the review board's communications with that individual outside the public hearing would be prohibited ex parte communications. *Cf. Erskine v. Baker*, 22 S.W.3d 537, 540 (Tex. App.—El Paso 2000, pet. denied) (stating that a judge's conversation with the plaintiff's counsel when defendant's counsel was absent was clearly ex parte communication).

Additionally, section 6.43 of the Tax Code, which governs a review board's employment of personnel, does not authorize a review board to use the legal services of a district's in-house counsel or employee. Section 6.43 provides as follows:

> The appraisal review board may employ legal counsel as provided by the district budget or use the services of the county attorney and may use the staff of the appraisal office for clerical assistance.

TEX. TAX CODE ANN. § 6.43 (Vernon 2001). Section 6.43 permits the review board two choices in employing legal counsel: to (1) "employ legal counsel as provided by the district budget" or (2) "use the services of the county attorney." *Id.*; *see also id.* § 6.06 (requiring chief appraiser to propose district's operational budget for approval by the district's board of directors and taxing units in the district); *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887, 892 (Tex. 1968) (citing "the sound principle that 'where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed'" (quoting *Foster v. City of Waco*, 255 S.W. 1104, 1105 (Tex. 1923))). Thus, section 6.43 does not authorize the review board's use of legal counsel other than its own or the county attorney. *See* TEX. TAX CODE ANN. § 6.43 (Vernon 2001).

A brief submitted to this office appears to contend that section 6.43 authorizes communications between a review board and the district's in-house counsel where the district's budget does not permit the employment of a separate review board counsel but does provide for the district's in-house counsel to assist the review board. *See* TCAD Brief, *supra* note 2, at 2–3. However, section 6.43 states only that the review board may "use the staff of the appraisal office for clerical assistance." TEX. TAX CODE ANN. § 6.43 (Vernon 2001). The fact that section 6.43 expressly limits the review board's use of the district's staff to clerical assistance forecloses any argument that the review board may use as its own counsel the district's in-house counsel, an employee of the district. *See id.*; *see also Helena Chem. Co.*, 47 S.W.3d at 493 (stating that courts consider a statute as a whole and should not give one provision a meaning inconsistent with other provisions); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.").[8] If the Legislature had intended to permit a review board to employ the district's in-house counsel, it could have expressly included that option in section 6.43.

---

[8]We are not here faced with a situation in which the review board independently employs under the district budget legal counsel that is also employed as the district's legal counsel. *See* TCAD Brief, *supra* note 2, at 2 ("However, in this instance, TCAD's budget only allows for an in-house counsel but no specific budget for the ARB to hire or use their own legal counsel.").

### B.    Criminal Penalties under Section 6.411

You specifically question whether communications between the ARB and TCAD's in-house counsel would violate Section 6.411 of the Tax Code, which criminalizes ex parte communications in violation of section 41.66(f) between a review board and the chief appraiser or any other employee of the district. *See* Request Letter, *supra* note 1, at 1; TEX. TAX CODE ANN. §§ 6.411, 41.66(f) (Vernon Supp. 2006).[9]

Notwithstanding section 6.411's general prohibition against ex parte communications, subsection (c) makes section 6.411 inapplicable to "communications between the [review] board and its legal counsel." TEX. TAX CODE ANN. § 6.411(c) (Vernon Supp. 2006). Subsection (c) does not define or elaborate on the meaning of the term "its legal counsel." But read in context and as commonly understood, the term describes an attorney or law firm that advises or represents the review board or that has an attorney-client relationship with the review board. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); *see also Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993) ("When the legislature has failed to define a word or term, courts will apply its ordinary meaning."); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 666 (11th ed. 2005) (defining "its" as "of or relating to it or itself, esp. as possessor, agent, or object of an action").

Because section 6.411's prohibition against review board communications applies only to a district employee, the term "its legal counsel" must include a district employee or else the subsection (c) exception would be superfluous. *See Omnibus Intern., Inc. v. AT&T, Inc.*, 111 S.W.3d 818, 823 (Tex. App.—Dallas 2003, no pet.) ("[W]e may not adopt a construction that will render any part of the statute inoperative, superfluous, or without legal effect."). We conclude, then, that the phrase "its legal counsel" is broad enough to encompass district in-house counsel used by the review board, even though such use may violate section 6.43 of the Tax Code and the communications may violate section 41.66(f). Section 6.411's criminal penalties do not apply to a review board communicating with its legal counsel who is also the district's in-house counsel.[10] *See* TEX. TAX CODE ANN. § 6.411(c) (Vernon Supp. 2006).

### III.    Conclusion

In light of the express and unambiguous legislative mandate against ex parte communications between a review board and a district employee articulated in section 41.66(f), a district may not use its in-house counsel to also advise the review board on tax protest matters. However, if such communications take place, section 6.411(c) exempts communications between the review board and its legal counsel from section 6.411's criminal penalties for ex parte communications.

---

[9]*See also* Senate Comm. on Intergovernmental Relations, Bill Analysis, Tex. S.B. 1452, 78th Leg., R.S. (2003) (Committee Report (Substituted)) ("Ex parte communication between . . . the appraisal review board and . . . [district] staff is prohibited by the . . . Tax Code, but there is no penalty for a violation of the Act. C.S.S.B. 1452 makes ex parte communication between members of the appraisal review board and the . . . [district] staff a Class C misdemeanor.").

[10]You have not asked, and we do not consider, whether any other legal consequences might apply to the district's in-house counsel's ex parte communications with the review board. *See* Request Letter, *supra* note 1, at 1.

## S U M M A R Y

   Legal communications relating to tax protest matters between a tax appraisal district's in-house counsel, who also serves as counsel to the tax appraisal review board for that district, and the review board outside a public hearing would violate Tax Code section 41.66(f), which generally prohibits a review board's ex parte communications relating to property tax protest matters. Section 6.411, which makes ex parte communications between a review board and a district employee a misdemeanor, does not, however, apply to such communications.

         Very truly yours,

         GREG ABBOTT
         Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee